CUNEO et al. v. FREEMAN, City Marshal, et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

1. LIVERY STABLE KEEPERS (§ 8*)—GARAGE KEEPER—LIENS ON VEHICLES.

A garage keeper, who had actual possession of taxicabs kept in his garage, had a lien thereon, unless it was barred by a former judgment.

[Ed. Note.—For other cases, see Livery Stable Keepers, Cent. Dig. §§ 7–10; Dec. Dig. § 8.*]

2. JUDGMENT (§ 951*)—EVIDENCE AS TO JUDGMENT—BURDEN OF PROOF.

A party, relying on a former judgment as a defense to an action, has the burden of establishing that it constitutes a bar.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1808–1812; Dec. Dig. § 951.*]

3. JUDGMENT (§ 563*)—EVIDENCE AS TO JUDGMENT—WEIGHT AND SUFFICIENCY.

A judgment in an action to foreclose a chattel mortgage on taxicabs, wherein a garage keeper appeared and set up a claim to a lien, which does not recite what disposition was made of such claim, is insufficient, in the absence of other evidence to show what was decided, to constitute a bar to a subsequent action based on such lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1002, 1008, 1010, 1014; Dec. Dig. § 563.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Frederick L. Cuneo and another against Alfred Freeman, as Marshal of the City of New York, and another. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Charles J. Campbell, of New York City, for appellants.
David Hershfield, of New York City, for respondents.

SEABURY, J. This action in replevin is brought to recover the possession of three taxicabs, originally the property of one Montani. The record presented by the return is very meager, and consists of certain concessions which the respective attorneys made. From the concessions it appears that the plaintiffs were the keepers of a garage in which Montani kept the taxicabs, and that they claim a lien upon the taxicabs.

[1] The defendants contend that the plaintiffs' claim was determined adversely to them in an action by one Campiglia against Montani and these plaintiffs, in which Campiglia sought to foreclose a chattel mortgage which he held upon said taxicabs. These plaintiffs appeared in that action as defendants, and set up a claim that they had a garage keeper's lien upon the taxicabs. The judg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment which was entered in that case does not recite what disposition, if any, was made of plaintiffs' claim, and we are unable from an inspection of the judgment to determine whether or not that judgment should be regarded as res adjudicata upon the plaintiffs' present claim. If the stenographer's minutes of the foreclosure action had been offered in evidence, it may be that it would enable us to determine whether or not the judgment rendered in that action is a bar to plaintiffs' claim.

Upon the record before us, it seems that the plaintiffs had the actual possession of the taxicabs, and that they were therefore in a position to assert their lien, unless they were barred from so doing by the judgment in foreclosure.

[2, 3] The burden of establishing that the former judgment is a bar is upon the defendants, and the judgment which was offered in evidence does not establish this fact.

As the defendants have not established that the judgment was res adjudicata, it follows that the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.